MEMORANDUM **
Boyd Lemon, the trustee of the chapter 7 bankruptcy estate of My Left Hook, LLC, a company formed for the purpose of producing a motion picture to be entitled “Out On My Feet,” initiated an adversary *353 proceeding against Al Lapin, Jr., and Peter Lambert and their entities. Lemon alleged that Lapin and Lambert were hable to My Left Hook for breaching a contract to provide preproduction financing for “Out On My Feet.” The bankruptcy court considered all of Lemon’s evidence and concluded that there was no enforceable contract because the document at issue did not include such essential terms as the amount of the purported loan, the identity of the potential lender and the time of performance. Lemon appealed to the district court, which affirmed the bankruptcy court. Lemon has now appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.
We independently review bankruptcy court decisions. Friedman Enters. v. B. U. M. Int’l, Inc. (In re B. U. M. Int’l, Inc), 229 F.3d 824, 827 (9th Cir.2000); Kadjevich v. Kadjevich (In re Kadjevich), 220 F.3d 1016, 1019 (9th Cir.2000). The bankruptcy court’s interpretation of the applicable law is reviewed de novo, and its findings of fact are reviewed for clear error. In re B. U. M. Int’l, Inc., 229 F.3d at 828.
As the parties are familiar with the facts of the case, we do not recite them here. Lemon raises only two issues on appeal. First, he argues that under California law, the underlying letter agreement was sufficient to constitute an enforceable contract. The letter, however, does not state that Lapin and Lambert agreed to provide any specific amount of money. Furthermore, Lemon’s extrinsic evidence — even when considered in the light most favorable to appellant — fails to show that Lapin or Lambert ever agreed or told anyone that either of them or their entities had any obligation to provide any specific amount of funds. Accordingly, Lemon has failed to show that Lapin and Lambert entered into an enforceable contract to provide any specific amount of money to the project.
Lemon’s second argument is that My Left Hand is a third-party beneficiary of the contract and entitled to enforce the contract. We agree with the district court that as Lemon has failed to establish the existence of a valid contract, there is no need for a judicial determination of his second argument.
The bankruptcy court’s judgment against Lemon and in favor of appellants is AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.